# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv31

| | |
|---|---|
| *IN RE*: ) <br> **GLORIA C. MOSLEY,** ) <br> ) <br>     Debtor/Appellant. ) <br> _____) <br> ) <br> **Countrywide Home Loans, Inc.,** ) <br> ) <br>     Movant, ) <br> ) <br>     vs. ) <br> ) <br> **Gloria C. Mosley and** ) <br> **Warren L. Tadlock, Trustee,** ) <br> ) <br>     Respondents. ) <br> _____) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* to dismiss the pending bankruptcy appeal for failure to comply with Bankruptcy Rule 8006.

## BACKGROUND AND PROCEDURAL HISTORY

On December 15, 2004, the Debtor/Appellant (Mosley) filed a voluntary petition in bankruptcy pursuant to Chapter 13. *In re* Gloria C.

Mosley, Bankruptcy Court Case No. 04-34479, Document 1, filed December 15, 2004. In the Chapter 13 Plan, filed the same day, Countrywide Mortgage Co. (Countrywide), which holds the mortgage on Mosley's home, was listed as a secured creditor in the amount of $118,674.45 with an arrearage at that time of $8,500.00. Document 2, filed December 15, 2004, supra. Mosley was to make payments on her mortgage directly to Countrywide under the terms of the plan. Id. The Chapter 13 Plan was confirmed on February 9, 2005. Document 4, filed February 9, 2005, supra. In November 2005, the Trustee moved to dismiss the case or to modify the plan due to Mosley's default in payments due under the Plan. Document 8, filed November 1, 2005, supra. The Bankruptcy Court denied the motion to dismiss but modified the Plan. Document 9, filed December 6, 2005, supra.

In March 2006, Countrywide made its first motion for relief from the automatic stay in order to foreclose on Mosley's home due to her default in payments. Document 10, filed March 3, 2006, supra. At that time, Mosley was in arrears in the amount of $4,263.14. Id. Countrywide noted that the real estate was valued less than the amount owed on the mortgage. Id. On May 25, 2006, the Bankruptcy Court allowed conditional relief to

Countrywide by requiring Mosley to make future monthly payments and an additional monthly payment towards the arrears.  Document 15, filed May 25, 2006, *supra*.  In the event that Mosley defaulted, Countrywide would be "deemed to have relief from the automatic stay" in order to pursue foreclosure.  *Id*.

In September 2006, Countrywide gave notice to the Court that Mosley was once again in default on her mortgage payments.  Document 16, filed September 8, 2006, *supra*.  Despite the wording of the previous order granting Countrywide relief in the event of a default, Mosley moved for reinstatement of the automatic stay.  Document 18, filed November 16, 2006, *supra*.  The hearing on the motion was continued on four separate occasions.  It was reported that the parties had resolved the matter in late February 2007 but a consent order is not of record.

In December 2007, Countrywide moved once again for relief from the automatic stay.  Document 30, filed December 20, 2007, *supra*.  By Order filed January 18, 2008, the Bankruptcy Court Judge denied Countrywide's motion to lift the automatic stay to allow a foreclosure to proceed against Mosley's home.  Document 34, filed January 18, 2008, *supra*.  Instead, the Court modified the Chapter 13 Plan to include an amended repayment

structure so that Mosley could retain ownership and possession of her home by paying the arrearage over an eighteen month period in addition to her regular mortgage payments. *Id*. In the event that Mosley should default in the future, Countrywide would be allowed to file notice of default and request again that the stay be lifted. *Id*. It is this Order, which is essentially favorable to the Debtor, from which the appeal has been taken.

## DISCUSSION

Mosley filed a notice of appeal on January 23, 2008, but has failed to file a designation of items for inclusion in the record on appeal or a statement of issues. Bankruptcy Rule 8006 provides in pertinent part:

> Within 10 days after filing the notice of appeal ... the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Bankruptcy Rule 8006.[1]

---

[1] The three day extension provided by Bankruptcy Rule 9006(f) applies only when a time period begins to run from the date of service of an order. When the time period for taking action begins to run from an event other than service, such as filing the designation of record and statement of issues, the rule regarding computation of time after service by mail does not extend the time within which to act. *In re* Golodetz Corp., 198 B.R. 441 (S.D.N.Y. 1996). The Federal Rule of Bankruptcy Procedure providing an additional three days for service when a document is served

Bankruptcy Rule 8001(a) provides in pertinent part:

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal.

Bankruptcy Rule 8001(a).

If an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal. Federal Rule of Bankruptcy Procedure 8001(a) provides that an appellant's failure "to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." ... [B]efore a district court may dismiss an appeal pursuant to Rule 8001(a), it must take *at least one* of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; *or* (4) indicate that it considered the impact of the sanction and available alternatives. ... "[A] proper application of [this] test will normally require a district court to consider and balance all relevant factors."

*In re* Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997) (emphasis in original),

*cert. denied* 522 U.S. 950, 118 S.Ct. 369 (1997).

Countrywide made two separate motions for relief from the stay,

---

by mail applies only to service of the document on a party, not to the filing of the document with the Court. *In re* Gaudet, 146 B.R. 323 (D.R.I. 1992). Thus, the ten day period within which to file the designation of record and statement of issues begins to run from the date the notice of appeal is filed with the Court. *Id.*; *In re* Williams, 216 F.3d 1295 (11th Cir. 2000); *In re* B.J. McAdams, Inc., 999 F.2d 1221 (8th Cir. 1993).

each time paying a filing fee.  It has thus been prejudiced financially by its inability to collect payments as well as the necessity for paying filing fees and attorneys' fees in connection with the motions.  <u>Resolution Trust v. SPR Corp.</u>, 45 F.3d 70, 74 (4th Cir. 1995); <u>Slavinsky v. Educational Credit Management Corp.</u>, 362 B.R. 677, 679 (D.Md. 2007) (additional legal expenses constitute prejudice).  Three years after Mosley's Chapter 13 Plan was confirmed, she continues to default in the payments due to Countrywide.  *Id*.  And, the collateral for Countrywide's loan, the house, is not worth as much as is owed on it.  *Id*.  The prejudice to Countrywide is clear; yet, Mosley has appealed from a Bankruptcy Court ruling which is essentially favorable to her.  And, after Judge Hodges conditionally denied the current motion, the Debtor moved for sanctions against the Movant.  <u>Document 35</u>, filed January 22, 2008, *supra*.  The undersigned finds that this appeal was not taken in good faith and the failure to prosecute it properly is either negligence or intentional harassment.  *In re* <u>Weiss</u>, *supra*., (bad faith is "inferable from the overall behavior of the [debtor] throughout the procedure."), *citing* <u>Resolution Trust v. SPR Corp.</u>, *supra.* and *In re* <u>Serra Builders, Inc.</u>, 970 F.2d 1309, 1311 (4th Cir. 1992) (appellant who filed designation of record 15 days late was negligent and

6

appeal thus dismissed). In fact, it appears that the appeal, like the motion for sanctions, is an attempt to punish Countrywide for its pursuit of permission to foreclose against the house. Moreover, the continued prosecution of this appeal appears to be moot since the order from which appeal was taken is essentially favorable to Mosley. *Id*.; Pamaco Partnership Management Corp. v. TMC Terraplan Managment Corp., 158 B.R. 61 (W.D.Va. 1993). Such filings prejudice the bankruptcy estate and its creditors because it prolongs the bankruptcy proceedings. In re Weiss, *supra*.; *accord*, Hannigan v. Countrywide Home Loans, Inc., 2006 WL 3065583 (W.D.N.C. 2006) The Court does not find, based on Mosley's past conduct, that the use of a less drastic sanction would provide the relief needed; that is, the ability of the bankruptcy proceeding to go forward without further delay and the ability of Countrywide to pursue a lifting of the stay in accordance with the Bankruptcy Court's ruling if Mosley persists in her pattern of default. In re Weiss, *supra*. In view of the Debtor's past material defaults, an alternative sanction instead of the dismissal of the appeal does not appear appropriate. *Id.* In fact, dismissal of the appeal does not prejudice Mosley. Nor does the Court find that notice and opportunity to respond would result in a reasonable, credible explanation.

7

*Id*. Having considered each of the factors dictated by Fourth Circuit case law, the undersigned concludes that despite the harsh nature of the sanction of dismissal, dismissal is warranted in this case for the reasons stated *infra*.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Court *sua sponte* dismisses this appeal for failure to comply with Bankruptcy Rule 8006 and to prosecute the appeal.

Martin Reidinger
United States District Judge

Signed: February 18, 2008